## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMANTHA MARMIER-ROMEO,<br>individually and on behalf of all others<br>similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>AP PREFERRED SOLUTIONS, LLC,<br>a/k/a ACCESSPOINT HEALTH CARE IT,<br><br>          Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:18-cv-11943<br><br><br><br><br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the complaint.

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Samantha Marmier-Romeo ("Plaintiff" or "Romeo"), through her undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant AP Preferred Solutions, LLC a/k/a AccessPoint Health Care IT ("Defendant" or "AccessPoint"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and New Jersey state law, seeking payment

of back wages, including unpaid overtime wages in violation of state law. Plaintiff and the class members also seek their liquidated damages for the failure to pay wages, attorneys' fees and costs.

2.     Plaintiff alleges that she and other similarly situated consultants were knowingly and improperly classified as individual contractors or exempt employees, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.     Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its principal place of business in Farmington Hills, Michigan, in this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

4.      Plaintiff Samantha Marmier-Romeo is an individual residing in Norfolk, Virginia. Romeo worked for Defendant as a consultant providing support and training to AccessPoint's clients in using a new recordkeeping system at Inspire Health Network in New Jersey between March and May 2018. Pursuant to 29 U.S.C. § 216(b), Romeo has consented in writing to participate in this action. *See* Ex. A.

5.      AccessPoint is a Michigan limited liability company providing information technology educational services for the healthcare industry across the country. AccessPoint maintains its principal office at 28800 Orchard Lake Road, Farmington Hills, Michigan.

6.      AccessPoint employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.      AccessPoint's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

8.    Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b)

as a collective action on behalf of herself and the following class of potential FLSA

opt-in litigants:

> All individuals who worked for AccessPoint providing training and
> support to AccessPoint's clients in using electronic recordkeeping
> systems in the United States from June 19, 2015 to the present and
> did not receive overtime for hours worked in excess of 40 a week
> (the "FLSA Collective").

9.    Plaintiff brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23

on behalf of herself and the following class:

> All individuals who worked for AccessPoint providing training and
> support to AccessPoint's clients in using electronic recordkeeping
> systems in New Jersey from June 19, 2016 to the present and did not
> receive overtime for hours worked in excess of 40 a week (the "New
> Jersey Class").

10.    The FLSA Collective and the New Jersey Class are together referred to

as the "Classes."

11.    Plaintiff reserves the right to redefine the Classes prior to notice and

class certification, and thereafter, as necessary.

## FACTS

12.    As a leading healthcare information technology firm, AccessPoint

provides training and support to medical facilities in connection with the

implementation of new electronic recordkeeping systems. AccessPoint employs

4

consultants, such as Romeo, who perform such training and support services throughout the United States.

13.    AccessPoint's financial results are significantly driven by the number of consultants performing training and support services for AccessPoint's customers, and the fees that AccessPoint charges the customers for these services.

14.    Between March and May 2018, Romeo was assigned by AccessPoint to provide educational and support services to healthcare staff at Inspire Health Network in New Jersey.

15.    Romeo was classified by AccessPoint as an exempt W-2 employee and was paid solely on a straight hourly basis. Although she routinely worked more than forty hours a week, she did not receive overtime for hours worked in excess of forty a week.

- **Plaintiff and Members of the Classes are not Exempt as "Computer Employees" under the FLSA**

16.    Plaintiff and Members of the Classes provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and Members of the Classes were not working as, nor were they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

17.     Plaintiff's and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiff's and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Members of the Classes did not analyze, consult or determine hardware, software programs or any system functional specifications for AccessPoint's clients. *See id.*

18.     Plaintiff and Members of the Classes did not consult with AccessPoint's customers to determine or recommend hardware specifications. Plaintiff and Members of the Classes did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

19.     While Plaintiff's and Class Members' "work was highly dependent upon, or facilitated by, the use of computers and computer software programs;" they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Members of the Classes provided support and training in using electronic recordkeeping systems to AccessPoint's clients.

- **Plaintiff and Members of the Classes Routinely Worked in Excess of 40 Hours a Week**

20.     Plaintiff and Members of the Classes routinely worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

21.     Plaintiff and Members of the Classes were required to work twelve (12) hours a day, six (6) or seven (7) days a week.

22.     Plaintiff and Members of the Classes were paid only a straight hourly rate.

23.     Plaintiff and Members of the Classes were not provided with overtime compensation at the rate of one and one-half (1 ½) times their regular pay rate, when they worked more than forty (40) hours per week, as required by the FLSA and New Jersey law.

24.     Plaintiff and Members of the Classes were not paid on a salary basis.

- **AccessPoint Willfully Violated the FLSA**

25.     AccessPoint and its senior management had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were exempt from the requirements of the FLSA.  Rather, AccessPoint either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective as exempt from the overtime provisions of the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, AccessPoint's

actions and/or failures to act, including the following:

    a.  At all times relevant hereto, AccessPoint maintained payroll records which reflected the fact that Plaintiff and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, AccessPoint had actual knowledge that Plaintiff and the FLSA Collective worked overtime;

    b.  At all times relevant hereto, AccessPoint knew that it did not pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

    c.  As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, AccessPoint was aware of the nature of the work performed by its consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by AccessPoint's clients, providing basic training and support;

    d.  As evidenced by its own job offer letters and training materials for consultants, AccessPoint knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e.  At all times relevant hereto, AccessPoint was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.  AccessPoint lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, AccessPoint deliberately misclassified its consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g.  At all times relevant hereto, AccessPoint was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h.  Thus, AccessPoint had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as exempt from the overtime requirements of the FLSA.

9

26.     Based upon the foregoing, AccessPoint was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

28.     Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

29.     Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to AccessPoint's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, AccessPoint's common misclassification, compensation and payroll practices.

30.     The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

31.     AccessPoint misclassified Plaintiffs and FLSA Collective Members as exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

32.     The similarly situated employees are known to AccessPoint, are readily identifiable, and can easily be located through AccessPoint's business and human resources records.

33.     AccessPoint employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

<u>NEW JERSEY CLASS ACTION ALLEGATIONS</u>

34.     Plaintiff brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the New Jersey Class defined above.

35.     The members of the New Jersey Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New Jersey Class.

36.     Plaintiff will fairly and adequately represent and protect the interests of the New Jersey Class because there is no conflict between the claims of Plaintiff and those of the New Jersey Class, and Plaintiff's claims are typical of the claims of the New Jersey Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases

11

like this one.

37.    There are questions of law and fact common to the proposed New Jersey Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether AccessPoint has violated and continues to violate New Jersey law through its policy or practice of misclassifying consultants as exempt from the FLSA's overtime requirements, and thereby failing to pay them overtime compensation.

38.    Plaintiff's claims are typical of the claims of the New Jersey Class Members in the following ways, without limitation: (a) Plaintiff is a member of the New Jersey Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New Jersey Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New Jersey Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New Jersey Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New Jersey Class Members.

39.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over any questions affecting only individual Class Members.

40.    Class action treatment is superior to the alternatives for the fair and

efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New Jersey Class Members are readily identifiable from AccessPoint's own records. Prosecution of separate actions by individual members of the New Jersey Class would create the risk of inconsistent or varying adjudications with respect to individual New Jersey Class Members that would establish incompatible standards of conduct for AccessPoint.

41.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New Jersey Class Members, while substantial, are not great enough to enable them to maintain separate suits against AccessPoint.

42.    Without a class action, AccessPoint will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New Jersey Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## FLSA – Overtime Wages
## <u>(On Behalf of Plaintiff and the FLSA Collective)</u>

43.    All previous paragraphs are incorporated as though fully set forth herein.

44.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

45.    AccessPoint is subject to the wage requirements of the FLSA because AccessPoint is an "employer" under 29 U.S.C. § 203(d).

46.    At all relevant times, AccessPoint has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

47.    During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

48.    Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

49.    Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

50.     AccessPoint, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as exempt from the overtime requirements of the FLSA.

51.     AccessPoint knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

52.     In violating the FLSA, AccessPoint acted willfully and with reckless disregard of clearly applicable FLSA provisions.

53.     In violating the FLSA, on information and belief, AccessPoint did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of New Jersey Minimum Wage Law
### (On Behalf of Plaintiff and the New Jersey Class)

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     N.J. Stat. Ann. § 34:11-56a4 provides that "Every employer shall pay to each of his employees wages at a rate of . . . 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week . . ."

56.     During all relevant times, AccessPoint was an employer within the

meaning of N.J. Stat. Ann. § 34:11-56a1.

57.     During all relevant times, Plaintiff and the New Jersey Class members were covered employees entitled to the above-described protections. *See* N.J. Stat. Ann. § 34:11-56a1.

58.     AccessPoint failed to compensate Plaintiff and the New Jersey Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of N.J. Stat. Ann. § 34:11-56a4.

59.     Employers, such as AccessPoint, who fail to pay an employee wages in conformance with N.J. Stat. Ann. § 34:11-56a4 shall be liable to the employee for the wages that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages. *See* N.J.S.A. 34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of herself and the Members of the Classes:

    a.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

    c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New Jersey Class;

    d.  An order appointing Plaintiff's attorneys as Class Counsel;

e.  Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f.  Liquidated damages to the fullest extent permitted under the law;

g.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h.  Such other and further relief as this Court deems just and proper.

Dated:  June 19, 2018

Respectfully submitted,
SAMANTHA MARMIER-ROMEO,
individually and on behalf of others
similarly situated


/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
Alexandra K. Piazza*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Harold Lichten*
Olena Savytska*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Proposed Classes*


*Application for admission to be filed.*